IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-209-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RICHARD CEPHAS, | ) | |
| | ) | |
| Defendant. | ) | |

On March 25, 2022, Richard Cephas ("Cephas" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 40]. That same day, the court appointed counsel for Cephas pursuant to standing order 19-SO-3 [D.E. 41]. On May 3, 2022, Cephas, through counsel, filed a memorandum and documents in support [D.E. 49]. On June 16, 2022, the government responded in opposition [D.E. 53]. On June 20, 2022, Cephas replied [D.E. 54]. As explained below, the court denies Cephas's motion.

I.

On May 20, 2020, without a written a plea agreement, Cephas pleaded guilty to conspiracy to distribute and possess with escape from custody. See [D.E. 24, 30]. On October 20, 2020, the court held Cephas's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 30]; [D.E. 37]. The court calculated Cephas's total offense level to be 11, his criminal history category to be III, and his advisory guideline range to be 12 to 18 months' imprisonment. See PSR ¶¶ 23, 51, 53. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court

sentenced Cephas to 18 months' imprisonment consecutive to his previously imposed federal sentence. See [D.E. 37, 38]. Cephas did not appeal.

On March 25, 2022, Cephas moved for compassionate release. See [D.E. 40]. The government opposes the motion. See [D.E. 53].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether

2

extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or

3

(D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On October 26, 2021, Cephas applied to his warden a month after he moved for compassionate release. See [D.E. 40-2] 1–2. On November 18, 2021, the warden denied Cephas's request. Id. Cephas has met the exhaustion requirement and the court addresses Cephas's motion on the merits. See Muhammad, 16 F.4th at 130.

Cephas seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (leukocytopenia, cancer, hypertension, overweight, tachycardia, prolactinoma, prior COVID-19 exposure, and gastro-esophageal reflux disease), his age, and his rehabilitative efforts. See [D.E. 40]; [D.E. 49] 11–24; [D.E. 40-1]; [D.E. 43]; [D.E. 44]; [D.E. 54].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Cephas is 57 years old, is overweight, and has leukocytopenia, cancer, hypertension, tachycardia, prolactinoma, and gastro-esophageal reflux disease. See [D.E. 43] 1–2, 8–9, 11–15, 45, 57, 104; [D.E. 44] 2. His medical conditions are under control. See [D.E. 43, 44].

Cephas argues that his medical conditions put him at heightened risk of serious infection or death from COVID-19. See [D.E. 49] 11–24. However, Cephas received two doses of the Pfizer COVID-19 vaccine. See [D.E. 43] 146; [D.E. 49] 18. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022)

4

(unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Cephas from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Cephas's BOP medical records state that Cephas contracted COVID-19 and recovered. See [D.E. 44] 19–20; [D.E. 49] 16. Cephas's natural antibodies provide additional protection. See Ibarra, 2022 WL 229198, at *1;

Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19). Therefore, reducing Cephas's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "age" policy statement, a defendant must be at least 70 years old to qualify. See U.S.S.G. § 1B1.13(1)(B). Cephas is only 57. [D.E. 30] 2. Nonetheless, the court considers Cephas's age under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Cephas's medical conditions, his release plan, his rehabilitative efforts, his time served, and his age are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Cephas's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Cephas is incarcerated for escape from custody. See PSR ¶¶ 1–7. On June 19, 2017, Cephas was convicted of felonious conspiracy to distribute and possession with intent to distribute 5 kilograms or more of cocaine and was sentenced to 66 month's imprisonment. See id. ¶ 5. On April 1, 2020, while serving his sentence at the Federal Prison Camp in Butner, North Carolina, Cephas escaped from custody. See id. Cephas coordinated his escape with his adult son and a woman named Katrina Matthews. See id. ¶ 6. After U.S. marshals questioned Matthews, she placed a

6

facetime call to Cephus and asked Cephus where he was. See id. Cephus abruptly stated "Trina, get a lawyer" and hung up. See id. On April 20, 2020, Cephus voluntarily surrendered at the federal courthouse in Wilmington, Delaware. See id. Cephas had a pending request for compassionate release with the warden at the time of his escape. See id.

Cephas's escape and prior criminal conduct demonstrate his contempt for the law. See id. ¶¶ 12–20. Before his escape, Cephas was serving a felony conviction for conspiracy to distribute and possession with intent to distribute 5 kilograms or more of cocaine. See id. ¶ 20. Cephas also has a litany of state misdemeanor convictions, including criminal trespassing (three counts), conspiracy, resisting arrest (two counts), and criminal impersonation (two counts). See id. ¶¶ 12–19.

Cephas's conduct while federally incarcerated is abysmal. Cephas is incarcerated for his escape from the federal work camp at Butner. As discussed, this escape was not spontaneous, but planned and deliberate. See PSR ¶ 6. In fact, before the escape, Cephas was disciplined for multiple infractions, including for possessing a book with information on how to escape from prison. See [D.E. 49] 23; [D.E. 49-4]. Cephas's job as an inmate transporter and the business and drug courses he has completed pale in comparison to his serious misconduct. See [D.E. 49-2].

The court must balance Cephas's criminal conduct, serious criminal history, outrageous misconduct in custody, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, ___ F.4th ___, ___, Nos. 20-14 & 20-16, 2022 WL 10217083, at *8–9 (4th Cir. Oct. 18, 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Cephas's potential exposure to COVID-19, his medical conditions, his age, his release plan, his rehabilitative efforts, his time served, and his vaccinated status. Cephas has a release plan that includes living with

7

his son in Wilmington, Delaware. See [D.E. 49] 24. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Cephas's arguments, the government's persuasive response, the need to punish Cephas for his serious criminal behavior, to incapacitate Cephas, to promote respect for the law, to deter others, and to protect society, the court denies Cephas's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Roane, ___ F.4th at ___, 2022 WL 10217083, at *8–9; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 40].

SO ORDERED. This 9 day of November, 2022.

JAMES C. DEVER III
United States District Judge

8

Case 5:20-cr-00209-D    Document 57    Filed 11/09/22    Page 8 of 8